Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
WILSON MENDOZA, BONERGE PACHECO, RAUL
MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER
MENDOZA, and JORGE MENDOZA, individually and on behalf
of all others similarly situated,

                                     Plaintiffs,

    -against-

DYNASTY CONTRACTING LLC and ERIC LI, as an
individual,

                                    Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **WILSON MENDOZA, BONERGE PACHECO, RAUL MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER MENDOZA, and JORGE MENDOZA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **WILSON MENDOZA, BONERGE PACHECO, RAUL MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER MENDOZA, and JORGE MENDOZA, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **DYNASTY CONTRACTING LLC, and ERIC LI, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out

of Plaintiffs' employment at DYNASTY CONTRACTING LLC, located at 3370 Prince Street, Suite 218, Flushing, New York, 11354, 33-29 127 Pl Corona, New York 11368 and 196-18 51st Avenue, Flushing, New York 11365.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### PLAINTIFFS

8. Plaintiff, WILSON MENDOZA, residing 1361 Boston Rd., Bronx, New York 10456, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around October 2018 until in or around December 2019.
9. Plaintiff, BONERGE PACHECO, residing 170-07 88th Avenue, Jamaica, New York 11432, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around November 2018 until in or around November 2019.
10. Plaintiff, RAUL MENDOZA, residing 170-26 93rd Avenue, Jamaica, New York 11432, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around January 2018 until in or around March 2018.

11. Plaintiff, JOSE ALBERTO CARIAS SALINAS, residing 170-20 93rd Avenue, Jamaica, New York 11432, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around December 2018 until Present.
12. Plaintiff, ROGER MENDOZA, residing 170-20A 93rd Avenue, Jamaica, New York 11433, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around January 2019 until December 2019.
13. Plaintiff, JORGE MENDOZA, residing 170-20 93rd Avenue, Jamaica, New York 11433, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around July 2019 until December 2019.

## DEFENDANTS

14. Upon information and belief, Defendant, DYNASTY CONTRACTING LLC, is a corporation organized under the laws of New York with a principal executive office at 196-18 51st Avenue, Flushing, New York 11365, 33-29 127 Pl Corona, New York 11368, and 3370 Prince Street, Suite 218, Flushing, New York, 11354.
15. Upon information and belief, Defendant, DYNASTY CONTRACTING LLC, is a corporation authorized to do business under the laws of New York.
16. Upon information and belief, Defendant, ERIC LI, owns and operates DYNASTY CONTRACTING LLC.
17. Upon information and belief, Defendant, ERIC LI, is an agent of DYNASTY CONTRACTING LLC.
18. Upon information and belief, Defendant, ERIC LI, has power over personnel decisions at DYNASTY CONTRACTING LLC.
19. Upon information and belief, Defendant, ERIC LI, has power over payroll decisions at DYNASTY CONTRACTING LLC.
20. Defendant, ERIC LI, has the power to hire and fire employees at DYNASTY CONTRACTING LLC, establish and pay their wages, set their work schedule, and maintains their employment records.
21. Defendant ERIC LI was responsible for determining the job locations for Plaintiffs, supervising Plaintiffs, and instructing Plaintiffs on the work to be performed.

22. During all relevant times herein, Defendant, ERIC LI, was Plaintiffs' employer within the meaning of the FLSA and NYLL.
23. On information and belief, DYNASTY CONTRACTING LLC, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### WILSON MENDOZA

24. Plaintiff, WILSON MENDOZA, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around October 2018 until in or around December 2019.
25. During Plaintiff, WILSON MENDOZA'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as an excavator operator, laborer, rebar and concrete worker, while performing other miscellaneous duties from in or around October 2018 until in or around December 2019.
26. Plaintiff, WILSON MENDOZA, was paid by Defendants approximately $250.00 per day from in or around October 2018 until in or around December 2019.
27. Plaintiff, WILSON MENDOZA, worked approximately sixty (60) hours per week at DYNASTY CONTRACTING LLC from in or around October 2018 until in or around December 2019.
28. Although Plaintiff, WILSON MENDOZA, worked approximately sixty (60) or more hours per week during his employment by Defendants from in or around October 2018 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## BONERGE PACHECO

29. Plaintiff, BONERGE PACHECO, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around November 2018 until in or around November 2019.

30. During Plaintiff, BONERGE PACHECO'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as a rebar and concrete worker, while performing other miscellaneous duties from in or around November 2018 until in or around November 2019.

31. Plaintiff, BONERGE PACHECO, was paid by Defendants approximately $160.00 per day from in or around November 2018 until in or around November 2019.

32. Plaintiff, BONERGE PACHECO, worked approximately sixty (60) hours per week at DYNASTY CONTRACTING LLC from in or around November 2018 until in or around November 2019.

33. Although Plaintiff, BONERGE PACHECO, worked approximately sixty (60) or more hours per week during his employment by Defendants from in or around November 2018 until in or around November 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## RAUL MENDOZA

34. Plaintiff, RAUL MENDOZA, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around January 2018 until in or around March 2018.

35. During Plaintiff, RAUL MENDOZA'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as a rebar and concrete worker, while performing other miscellaneous duties from in or around January 2018 until in or around March 2018.

36. Plaintiff, RAUL MENDOZA, was paid by Defendants approximately $150.00 per day from in or around January 2018 until in or around March 2018.

37. Plaintiff, RAUL MENDOZA, worked approximately sixty (60) hours per week at DYNASTY CONTRACTING LLC from in or around January 2018 until in or around March 2018.

38. Although Plaintiff, RAUL MENDOZA, worked approximately sixty (60) or more hours per week during his employment by Defendants from in or around January 2018 until in or around March 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JOSE ALBERTO CARIAS SALINAS

39. Plaintiff, JOSE ALBERTO CARIAS SALINAS, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around December 2018 until December 2019.

40. During Plaintiff, JOSE ALBERTO CARIAS SALINAS'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as a rebar and concrete worker, while performing other miscellaneous duties from in or around December 2018 until December 2019.

41. Plaintiff, JOSE ALBERTO CARIAS SALINAS, was paid by Defendants approximately $140.00 per day from in or around December 2018 until December 2019.

42. Plaintiff, JOSE ALBERTO CARIAS SALINAS, worked approximately sixty-nine (69) hours per week at DYNASTY CONTRACTING LLC from in or around December 2018 until in or around December 2019.

43. Although Plaintiff, JOSE ALBERTO CARIAS SALINAS, worked approximately sixty-nine (69) or more hours per week during his employment by Defendants from in or around December 2018 until December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## ROGER MENDOZA

44. Plaintiff, ROGER MENDOZA, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around January 2019 until December 2019.

45. During Plaintiff, ROGER MENDOZA'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as a rebar and concrete worker, while performing other miscellaneous duties from in or around January 2019 until December 2019.

46. Plaintiff, ROGER MENDOZA, was paid by Defendants approximately $150.00 per day from in or around January 2019 until December 2019.

47. Plaintiff, ROGER MENDOZA, worked approximately sixty-nine (69) hours per week at DYNASTY CONTRACTING LLC from in or around January 2019 until December 2019.

48. Although Plaintiff, ROGER MENDOZA, worked approximately sixty-nine (69) or more hours per week during his employment by Defendants from in or around January 2019 until December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## JORGE MENDOZA

49. Plaintiff, JORGE MENDOZA, was employed by Defendants at DYNASTY CONTRACTING LLC from in or around July 2019 until in or around December 2019.

50. During Plaintiff, JORGE MENDOZA'S employment by Defendants at DYNASTY CONTRACTING LLC, Plaintiff's primary duties were as a rebar and concrete worker, while performing other miscellaneous duties from in or around July 2019 until in or around December 2019.

51. Plaintiff, JORGE MENDOZA, was paid by Defendants approximately $140.00 per week from in or around July 2019 until in or around December 2019.

52. Plaintiff, JORGE MENDOZA, worked approximately fifty-eight (58) hours per week at DYNASTY CONTRACTING LLC from in or around July 2019 until in or around December 2019.

53. Although Plaintiff, JORGE MENDOZA, worked approximately fifty-eight (58) or more hours per week during his employment by Defendants from in or around July 2019 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
54. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
55. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
56. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
58. Collective Class: All persons who are or have been employed by the Defendants as laborer, rebar and concrete workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
59. Upon information and belief, Defendants employed at least 50 employees within the relevant time period who were subjected to similar payment structures.
60. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

61. Defendants' unlawful conduct has been widespread, repeated, and consistent.
62. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
63. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
64. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
65. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
66. The claims of Plaintiffs are typical of the claims of the putative class.
67. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
68. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

69. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    All rebar workers, concrete workers and laborers who are currently or have been employed by the Defendants at DYNASTY CONTRACTING LLC and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at

any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

70. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 50 members of the New York Class during the New York Class Period.

71. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

    d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

    f. Whether Defendants should be enjoined from such violations in the future.

72. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

73. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual

class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

74. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

75. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

76. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

77. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

80. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

81. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

82. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

83. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

84. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

88. Due to Defendants' New York Labor Law violations, Plaintiffs were entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
90. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
91. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
93. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
94. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   d. Awarding Plaintiffs prejudgment and post-judgment interest;
   e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 30th day of June 2020.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILSON MENDOZA, BONERGE PACHECO, RAUL MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER MENDOZA, and JORGE MENDOZA, individually and on behalf of all others similarly situated,

          Plaintiffs,

 -against-

DYNASTY CONTRACTING LLC and ERIC LI, as an individual,

          Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**DYNASTY CONTRACTING LLC**
**196-18 51ST AVENUE**
**FLUSHING, NEW YORK 11365**

**DYNASTY CONTRACTING LLC**
**3370 PRINCE STREET, SUITE 218**
**FLUSHING, NEW YORK 11354**

**DYNASTY CONTRACTING LLC**
**33-29 127TH PL**
**CORONA, NEW YORK 11368**

**ERIC LI**
**196-18 51ST AVENUE**
**FLUSHING, NEW YORK 11365**