## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made by and between Wilson Mendoza, Bonerge Pacheco, Raul Mendoza, Jose Alberto Carias Salinas, Roger Mendoza, and Jorge Mendoza (collectively, "Plaintiffs"), and Dynasty Contracting LLC and Eric Li (collectively, the "Company" or "Defendants", and together, with Plaintiffs, the "Parties.")

This Agreement constitutes the complete and final settlement of any and all disputes arising from or relating to Plaintiffs' employment with or separation from the Company, their compensation and/or benefits from the Company, and any claims or actions Plaintiffs have brought or could have brought against the Company and/or Releasees (as that term is defined below).

## RECITALS

**WHEREAS**, on June, 30, 2020, Plaintiffs commenced an action against Defendants in the United States District Court, Eastern District of New York Case No. 1:20-cv-02898-RPK-LB, alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing, among other things, to: (1) pay them overtime wages under the FLSA and NYLL and (2) provide wage notices and statements under the NYLL (the "Claims" or the "Action") (*See* Dkt. 1);

**WHEREAS**, the Company filed an answer on September 25, 2020 (*see* Dkt. 14) and an amended answer on October 16, 2020 (*see* Dkt. 16), denying all allegations of wrongdoing made by Plaintiffs, and the Court has not made any findings with respect to Plaintiffs' Claims;

**WHEREAS**, the Parties attended a mediation session with Mediator Raymond Nardo on January 19, 2021, and agreed to a settlement in principle to resolve the Action;

**WHEREAS**, Plaintiffs are currently represented in this Action by James O'Donnell and Roman Avshalumov of Helen F. Dalton & Associates, PC ("Plaintiffs' Counsel") regarding the Claims and the negotiation, review, and execution of this Agreement;

**WHEREAS**, the Parties desire to enter into this Agreement in order to avoid further costs of litigation and to fully and finally resolve all of their disputes, including but not limited to the Claims and all other complaints, charges, and actions of any kind whatsoever, known or unknown, which Plaintiffs now have or may have concerning, relating to, or arising out of Plaintiffs' employment with and separation from the Company, upon the terms and conditions more fully set forth hereinafter.

**WHEREAS**, Plaintiffs acknowledge and agree that the Settlement Payment (defined below) provided for herein is provided as consideration for this Agreement to voluntarily release and waive all claims, complaints, charges, administrative actions and civil actions of any kind against the Company, which includes, but is not limited to, all Company employees.

**NOW, THEREFORE**, in consideration of the execution of this Agreement, and for other good and valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.    **Consideration.**    In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of claims as set forth in Paragraph 4 below, and in full and final settlement of all of Plaintiffs' claims against Defendants in the Action, the Company will provide Plaintiffs with a total payment of **Eighty Five Thousand Dollars ($85,000.00)** (the "Settlement Payment").

The Settlement Payment is broken down as follows:

| | |
|---|---|
| Wilson Mendoza: | $16,500.02 |
| Bonerge Pacheco: | $9,500.02 |
| Raul Mendoza: | $3,468.00 |
| Jose Alberto Carias Salinas: | $11,000.02 |
| Roger Mendoza: | $11,000.02 |
| Jorge Mendoza: | $4,500.00 |
| Helen F. Dalton & Associates, PC: | $29,031.92 ($27,983.00 as attorneys' fees and $1049.00 as costs*) |
| **TOTAL** | **$85,000.00** |

| |
|---|
| *The costs of $1,049.00 consists of: |
| (a) $400.00 fee for the filing of the Action in the United States District Court, Eastern District of New York; |
| (b) $256.00 as costs for the service of the summons and complaint on Defendants; and |
| (c) $393.00 as mediation fees to Mediator Raymond Nardo for the mediation held on January 19, 2021 |

This Settlement Payment shall be paid in eight (8) installments as follows:

**FIRST (1ST) INSTALLMENT IN THE AMOUNT OF FIFTEEN THOUSAND DOLLARS ($15,000.00)**

1.1    One check made payable to "Wilson Mendoza" in the gross sum of $1,455.88, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.2    One check made payable to "Wilson Mendoza" in the gross sum of $1,455.88, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.3    One check made payable to "Bonerge Pacheco" in the gross sum of $838.24, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.4    One check made payable to "Bonerge Pacheco" in the gross sum of $838.23, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.5    One check made payable to "Raul Mendoza" in the gross sum of $306.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.6    One check made payable to "Raul Mendoza" in the gross sum of $306.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.7    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.8    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.9    One check made payable to "Roger Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.10    One check made payable to "Roger Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.11    One check made payable to "Jorge Mendoza" in the gross sum of $397.07, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.12    One check made payable to "Jorge Mendoza" in the gross sum of $397.06, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.13    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $5,123.28, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.14    The checks set forth in this First Installment are due by February 19, 2021, provided that the requirements in Paragraph 1.113 are met.

**SECOND (2ND) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)**

1.15    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.16    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.17    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.18    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.19    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.20    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.21    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.22    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.23    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.24    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.25    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.26    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.27    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.28    The checks set forth in this First Installment are due by March 19, 2021, provided that the requirements in Paragraph 1.113 are met.

### THIRD (3RD) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)

1.29    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.30    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.31    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.32    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.33    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.34    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.35    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.36    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of _$647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.37    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.38    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.39    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.40    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.41    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.42    The checks set forth in this First Installment are due by April 19, 2021, provided that the requirements in Paragraph 1.113 are met.

**FOURTH (4TH) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)**

1.43    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.44    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.45    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.46    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.47    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.48    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.49    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.50    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.51    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.52    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.53    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.54    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.55    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.62, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.56    The checks set forth in this First Installment are due by May 19, 2021, provided that the requirements in Paragraph 1.113 are met.

**FIFTH (5ᵀᴴ) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)**

1.57    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.58    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.59    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.60    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.61    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.62    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.63    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.64    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.65    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.66    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.67    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.68    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.69    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.70    The checks set forth in this First Installment are due by June 19, 2021, provided that the requirements in Paragraph 1.113 are met.

**SIXTH (6ᵀᴴ) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)**

1.71    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.72    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.73    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.74    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.75    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.76    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.77    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.78    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.79    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.80    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.81    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.82    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.83    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.84    The checks set forth in this First Installment are due by July 19, 2021, provided that the requirements in Paragraph 1.113 are met.

### SEVENTH (7ᵀᴴ) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)

1.85    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.86    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.87    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.88    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.89    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.90    One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.91    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.92    One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.93    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.94    One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.95    One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.96    One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.97    One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.98    The checks set forth in this First Installment are due by August 19, 2021, provided that the requirements in Paragraph 1.113 are met.

### EIGHTH (8TH) INSTALLMENT IN THE AMOUNT OF TEN THOUSAND DOLLARS ($10,000.00)

1.99    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged liquidated damages, for which Defendants will issue Wilson Mendoza an IRS form 1099-MISC;

1.100    One check made payable to "Wilson Mendoza" in the gross sum of $970.59, representing payment for alleged back wages, for which Defendants will issue Wilson Mendoza an IRS form W-2;

1.101    One check made payable to "Bonerge Pacheco" in the gross sum of $558.83, representing payment for alleged liquidated damages, for which Defendants will issue Bonerge Pacheco an IRS form 1099-MISC;

1.102    One check made payable to "Bonerge Pacheco" in the gross sum of $558.82, representing payment for alleged back wages, for which Defendants will issue Bonerge Pacheco an IRS form W-2;

1.103   One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged liquidated damages, for which Defendants will issue Raul Mendoza an IRS form 1099-MISC;

1.104   One check made payable to "Raul Mendoza" in the gross sum of $204.00, representing payment for alleged back wages, for which Defendants will issue Raul Mendoza an IRS form W-2;

1.105   One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form 1099-MISC;

1.106   One check made payable to "Jose Alberto Carias Salinas" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Jose Alberto Carias Salinas an IRS form W-2;

1.107   One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged liquidated damages, for which Defendants will issue Roger Mendoza an IRS form 1099-MISC;

1.108   One check made payable to "Roger Mendoza" in the gross sum of $647.06, representing payment for alleged back wages, for which Defendants will issue Roger Mendoza an IRS form W-2;

1.109   One check made payable to "Jorge Mendoza" in the gross sum of $264.71, representing payment for alleged liquidated damages, for which Defendants will issue Jorge Mendoza an IRS form 1099-MISC;

1.110   One check made payable to "Jorge Mendoza" in the gross sum of $264.70, representing payment for alleged back wages, for which Defendants will issue Jorge Mendoza an IRS form W-2;

1.111   One check made payable to "Helen F. Dalton & Associates, PC" in the amount of $3,415.52, representing Plaintiff's attorney's fees and costs, for which Defendants will issue Plaintiff and Helen F. Dalton & Associates, PC IRS forms 1099-MISC.

1.112   The checks set forth in this First Installment are due by September 19, 2021, provided that the requirements in Paragraph 1.113 are met.

## REQUIREMENTS IN ORDER FOR PLAINTIFFS TO RECEIVE SETTLEMENT PAYMENT CHECKS

1.113   No settlement installment payments shall commence or be made to Plaintiffs until the completion of _all_ of the following occurrences: (i) Defendants' counsel has received Plaintiffs' signed copies of this Agreement and completed IRS W-4 and W-9 Forms from Plaintiffs; (ii) Defendants' counsel has received a completed W-9 Form from Plaintiffs' Counsel; (iii) Defendants' Counsel has received from Plaintiff's Counsel an executed copy of a Stipulation of Dismissal with Prejudice in the form annexed as **Exhibit A**; and (iv) the settlement agreement

has been approved by the Court and the Action has been dismissed with prejudice. After the four requirements in the preceding sentence have been met, the Settlement Payment checks shall be made in accordance with this Agreement and delivered to Plaintiffs' Counsel, Helen F. Dalton Associates, PC, 80-02 Kew Gardens Road Suite 601, Kew Gardens, NY 11415.

1.114  In the event that one or more Plaintiffs or Plaintiffs' counsel do not provide their completed IRS Form W-9(s) and W-4(s) prior to Court approval, it shall not delay the other Plaintiffs' payments that are due in accordance with this Agreement. However, for any Plaintiff who fails to timely provide a completed IRS Form W-9 or W-4, payments due hereunder to such Plaintiff(s) shall not commence until such forms are tendered and the conditions in Paragraph 1.113 are met, following which payments will be made in accordance with the schedule set forth in Paragraphs 1.1-1.112.

1.115  Defendants shall issue all payments due under the schedule set forth in Paragraphs 1.1-1.112 within seven (7) days of receiving Court approval so long as the conditions in Paragraph 1.113 are met.

## CONFESSION OF JUDGMENT

1.116  Defendant Eric Li. As security for the payments set forth in Paragraph 1, Defendant Eric Li shall simultaneously with the execution of this Agreement, execute an "Affidavit for Confession of Judgment" in the form attached hereto as **Exhibit B**. Defendant Eric Li shall provide Plaintiffs' Counsel with an executed Affidavit for Confession of Judgment bearing his signature. The Affidavit for Confession of Judgment will be held in escrow by Plaintiffs' Counsel. Once the Settlement Payment has been made in full in accordance with this Agreement, the Affidavit for Confession of Judgment of Eric Li shall be returned to Defendants' Counsel or destroyed at the direction of Defendants' Counsel.

1.117  Default; Notice to Cure.  In the event that Defendants' installment payments, as required under Paragraph 1 of this Agreement, are not received within fourteen (14) days of the due date, Plaintiffs' Counsel shall provide written notice to Defendants' Counsel, Kevin K. Yam, Esq., Littler Mendelson, P.C., 900 Third Avenue, 8th Floor, New York, NY 10022 and kyam@littler.com, regarding any missed installment payment. Defendants shall have fourteen (14) days from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants' Counsel.

1.118  Failure to Cure After Written Notice. If Defendants do not remedy their default within fourteen (14) days of their receipt of such written notice, Plaintiff may file the Affidavit for Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Defendant Eric Li, jointly and severally, declaring One Hundred Seventy Thousand Dollars ($170,000.00) immediately due and payable, less any payments already made by Defendants pursuant to this Agreement.

2.    **Adequacy of Consideration.** Plaintiffs understand and agree that the sums that the Company has agreed to pay under this Agreement are discretionary in nature, do not constitute an admission of liability, are not required of the Company in the absence of this Agreement, constitute adequate and reasonable consideration for the Agreement, and constitute the entire

amount of monetary consideration provided to them under this Agreement, that they are not entitled to any further monetary consideration whatsoever from the Company, that they will assume payment of any and all attorneys' fees or costs that they have incurred regarding the Claims whether owed to Plaintiffs' Counsel or to any other law firm, and that they will not seek against Releasees any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement or the Claims, or any other events or circumstances that existed or occurred prior to their execution of this Agreement.

3.    **Taxation of Settlement Payment.** In the event that it is subsequently determined that Plaintiffs owe any taxes with respect to the respective 1099 payments (for alleged liquidated damages) set forth in Paragraph 1 above, Plaintiffs expressly acknowledge and agree that they and/or their heirs, executors and administrators, and not the Company and/or Releasees (as that term is defined below), will be responsible for the payment of any such taxes, liabilities, payments, costs, interest, and penalties. Plaintiffs agree to indemnify and hold harmless the Company and/or Releasees to the full extent of any such taxes, liabilities, payments, costs, interest, and penalties, which may be assessed against the Company and/or the Releasees in connection with any payment made to or on behalf of Plaintiffs hereunder.

4.    **Release of Wage and Hour Claims by Plaintiffs.** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiffs, on their own behalf and on behalf of their descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Law, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement. This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, untimely wages, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after Plaintiffs' execution date.

Plaintiffs also acknowledge and agree that while nothing in this Agreement (including the Release of Wage and Hour Claims and Mutual Non-Disparagement sections) precludes them from (i) filing a charge with the National Labor Relations Board, the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or any other federal, state or local agency; (ii) participating in any investigation or proceeding with such an agency; or (iii) providing any documents or information to such an agency, they shall not personally recover reinstatement or money from the Releasees, and expressly waive the right to recover any such reinstatement or money, for any complaint or charge in any way relating to the wage and hour claims released in

this Agreement, including any class or collective action, filed against the Releasees with any federal, state or local board, agency or court. This does not affect any right Plaintiffs may have to recover any payment from government agency for any information provided to that agency regardless of the source, or if entitled to by law.

5. **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice.** Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**. The Parties will submit a joint motion for approval of the settlement. Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve to the terms of the Agreement and the Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made to Plaintiffs pursuant to Paragraph 1 of the Agreement.

6. **Bona Fide Dispute.** This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their Claims in the Action and that the amount being paid to Plaintiffs, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

7. **Mutual Non-Disparagement.** Plaintiffs agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements, about Releasees, whether by electronic, written or oral means (including, but not limited to, Plaintiffs' current or future employers, the press or other media). The Company agrees to instruct Eric Li not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Plaintiffs, whether by electronic, written or oral means. This Paragraph is not intended to prohibit the Parties from making truthful statements about their experiences litigating this case.

8. **Employment Verification.** Plaintiffs will direct all future employment verifications to Eric Li, who will provide only Plaintiffs' dates of employment and last positions held.

9. **No Admission of Liability.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission or evidence of any wrongdoing or liability or a weakness of any defenses, nor of any violation of any federal, state or local statute, rule, regulation or principle of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into solely to avoid the burden, expense and delay of litigation.

10. **Entire Agreement.** This Agreement (including the Recitals) sets forth the entire agreement and complete settlement between the Parties and fully supersedes any and all previous agreements or understandings of any kind whatsoever between them, whether written or oral. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

11.    **Modification.**  This Agreement may not be changed orally and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement shall be binding upon the Parties hereto unless made in writing and signed by the Parties.

12.    **Severability.**  In the event that any provision, other than Paragraph 4, of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion shall remain in full force and effect, and, to that end, the provisions of this Agreement are declared to be severable.  In the event Paragraph 4 is held to be unenforceable, the Agreement shall be null and void and Plaintiffs shall return the Settlement Payment to the Company.

13.    **Enforcement and Controlling Law.**  This Agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and shall be interpreted as neutral as between the parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement.  In addition to any and all other available remedies for the breach of any provision of this Agreement (none of which are waived in or by this Agreement), any party shall have the right to seek specific enforcement of this Agreement, except as to provisions which subsequently may be held invalid or unenforceable.

14.    **Counterparts.**  This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.  An original or copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement.  This Agreement may be signed and/or delivered electronically, which shall be as effective as an original document.

15.    **No Assignability.**  Plaintiffs agree that neither this Agreement nor any portion hereof is assignable.  Plaintiffs represent, warrant, and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands, or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Company, and any attempt to do so shall be void.

16.    **Notices**:  All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), e-mail, overnight mail, or facsimile to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

    Defendants' Counsel:

    Kevin K. Yam, Esq.
    Littler Mendelson, P.C.
    900 Third Avenue, 8th Floor
    New York, NY 10022
    KYam@littler.com

Plaintiffs' Counsel:

James O'Donnell
Roman M. Avshalumov
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415
jamespodonnell86@gmail.com
avshalumovr@yahoo.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

17.    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

18.    **Voluntary Agreement**:  Plaintiffs represent and agree that:

(a)    They are not suffering from any impairment that would render them incapable of reading, considering, and understanding the terms of this Agreement, and is fully able to read, consider, and understand the terms of this Agreement, all of which have been explained to them;

(b)    They have signed this Agreement freely and voluntarily and without duress;

(c)    No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

(d)    They acknowledge that the Agreement has been translated and/or interpreted from English to Spanish for them so that they understand the Agreement and its legal consequences in its entirety; and

(e)    They have advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.    **Continuing Jurisdiction:**  Notwithstanding the filing of the Stipulation of Dismissal with Prejudice, the parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retain jurisdiction to enforce the terms of this settlement until the Settlement Payment (as outlined in this Agreement) is made in its entirety or in the event of a default of this Agreement by either party.

NOW, THEREFORE, intending to be legally bound, the Parties have agreed to the aforesaid terms and indicate their voluntary agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS UNDER ANY FEDERAL, STATE OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**PLAINTIFFS, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST THE RELEASEES.**

Los Demandantes representan que su idioma materno es el español y que su abogados de Helen F. Dalton & Associates, P.C. han repasado todos los términos de este Acuerdo en español. Los Demandantes han entendido todos los términos de este Acuerdo, y los aceptan voluntariamente al firmar el Acuerdo. (Plaintiffs represent that Plaintiffs' primary language is Spanish and that Plaintiffs' counsel, Helen F. Dalton & Associates, P.C., has reviewed all terms of this Agreement with Plaintiffs in Spanish. Plaintiffs fully understood all terms of this Agreement and voluntarily accept them by signing below.)

_____
WILSON MENDOZA

Dated: 3/4/2021

_____
BONERGE PACHECO

Dated: 3/4/2021

_____
RAUL MENDOZA

Dated: 3/4/2021

_____
JOSE ALBERTO CARIAS SALINAS

Dated: 3/4/2021

_____
ROGER MENDOZA

Dated: 3/4/2021

_____
JORGE MENDOZA

Dated: 3/4/2021

DYNASTY CONTRACTING LLC

By:_____
    Eric Li, Authorized Officer

Dated:_____

_____
ERIC LI

Dated:_____

NOW, THEREFORE, intending to be legally bound, the Parties have agreed to the aforesaid terms and indicate their voluntary agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS UNDER ANY FEDERAL, STATE OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**PLAINTIFFS, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST THE RELEASEES.**

_____Los Demandantes representan que su idioma materno es el español y que su abogados de Helen F. Dalton & Associates, P.C. han repasado todos los términos de este Acuerdo en español. Los Demandantes han entendido todos los términos de este Acuerdo, y los aceptan voluntariamente al firmar el Acuerdo. (Plaintiffs represent that Plaintiffs' primary language is Spanish and that Plaintiffs' counsel, Helen F. Dalton & Associates, P.C., has reviewed all terms of this Agreement with Plaintiffs in Spanish. Plaintiffs fully understood all terms of this Agreement and voluntarily accept them by signing below.)

_____        Dated:_____
WILSON MENDOZA

_____        Dated:_____
BONERGE PACHECO

_____        Dated:_____
RAUL MENDOZA

_____        Dated:_____
JOSE ALBERTO CARIAS SALINAS

_____        Dated:_____
ROGER MENDOZA

_____        Dated:_____
JORGE MENDOZA

DYNASTY CONTRACTING LLC
                                                                March 5, 2021
By:_____        Dated:_____
        Eric Li, Authorized Officer

_____        Dated: March 5, 2021
ERIC LI

**Exhibit A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILSON MENDOZA, BONERGE PACHECO, RAUL MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER MENDOZA, and JORGE MENDOZA, *individually and on behalf of others similarly situated*, | Case No. 1:20-cv-02898-RPK-LB |
| Plaintiffs, | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |
| -against- | |
| DYNASTY CONTRACTING LLC and ERIC LI, as individuals, | |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED** by and between the attorneys for Plaintiffs and the attorneys for Defendants that: a) Plaintiffs hereby dismiss all claims in their complaint against Defendants with prejudice; and b) the Parties shall bear their own costs and attorneys' fees.

**HELEN F. DALTON & ASSOCIATES, PC**
*Attorneys for Plaintiffs*

*James O'Donnell*
James O'Donnell
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
jamespodonnell86@gmail.com
Dated: March __4__, 2021

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendants*

Kevin K. Yam, Esq.
900 Third Avenue, 8th Floor
New York, NY 10022
KYam@littler.com
Dated: March __5__, 2021


SO ORDERED:

_____
Magistrate Judge Lois Bloom

Dated:_____

## Exhibit B

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILSON MENDOZA, BONERGE PACHECO, RAUL MENDOZA, JOSE ALBERTO CARIAS SALINAS, ROGER MENDOZA, and JORGE MENDOZA, *individually and on behalf of others similarly situated*, | Case No. 1:20-cv-02898-RPK-LB |
| Plaintiffs, | **AFFIDAVIT FOR CONFESSION OF JUDGMENT** |
| -against- | |
| DYNASTY CONTRACTING LLC and ERIC LI, as individuals, | |
| Defendants. | |

STATE OF NEW YORK        )
                                              )        ss.:
COUNTY OF QUEENS         )

**ERIC LI,** being duly sworn, deposes and says:

1. I am a named defendant in the above-captioned action.

2. I am also a releasee of a Confidential Settlement Agreement between the parties to the above-captioned action, dated March __5__, 2021 (the "Agreement").

3. I am an owner of the corporate defendant in the above-captioned action, Dynasty Contracting LLC.

4. I have authority to sign on behalf of myself, and on behalf of Dynasty Contracting LLC, and I am duly authorized to make this affidavit on my own, as well as on behalf of Dynasty Contracting LLC.

5. I make this affidavit in support of Plaintiffs' application for the entry of a judgment by confession against me in the above-captioned action.

6. This is a judgment to be confessed for money due.

7. In or around February 2021, Defendants and Releasees, including myself, agreed to pay the gross sum of Eighty Five Thousand Dollars and Zero Cents ($85,000.00) to Plaintiffs and their counsel in exchange for a dismissal of the above-captioned lawsuit with prejudice and the parties' execution of the Agreement.

8. Under the terms of the Agreement, Defendants and Releasees, including myself, agreed to pay the gross settlement amount of Eighty Five Thousand Dollars and Zero Cents ($85,000.00) to Plaintiffs and their counsel, pursuant to an installment payment plan as set forth in the Agreement.

9. Under the terms of the Agreement, if Defendants, including myself, are in default in the payment of any of the said installments, Plaintiffs shall provide fourteen (14) days' written notice to Defendants of their intent to file this Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. To exercise this right, Plaintiffs' counsel shall notify Defendants' counsel, Kevin K. Yam, via email at kyam@littler.com and overnight mail at Littler Mendelson, P.C., 900 Third Avenue, 8th Floor, New York, NY 10022, of their intent to do so, and Defendants shall have fourteen (14) days to remedy their default.

10. If Defendants do not remedy their default within fourteen (14) days of their receipt of such notice, I hereby authorize the entry of judgment against Dynasty Contracting LLC and myself, jointly and severally, in the amount of One Hundred Seventy Thousand Dollars and Zero Cents ($170,000.00), less any payments already made by Defendants

under said Agreement. Plaintiffs are not entitled to apply for or demand attorneys' fees and costs incurred in connection with any legal proceeding to collect that portion of the settlement, which have not yet been paid, because the $170,000.00 confession of judgment total already contemplates for attorneys' fees and costs that may be incurred by Plaintiffs.

11. I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure under same, this Confession of Judgment shall be docketed and entered as a judgment against Dynasty Contracting LLC and myself, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

12. I hereby authorize this Confession of Judgment to be entered with the clerk of this Court or any court of competent jurisdiction.

Dated:    Queens, New York
          March _____, 2021

                                              _____
                                              ERIC LI
                                              *Individually and as duly authorized*
                                              *owner of Dynasty Contracting LLC*

Subscribed and sworn to (or affirmed) before me this _____ day of March ___, 2021
Signature and title of Notary Public or Officer Administering the Oath

_____