UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILSON MENDOZA, BONERGE PACHECO,
RAUL MENDOZA, JOSE ALBERTO CARIAS
SALINAS, ROGER MENDOZA, and JORGE
MENDOZA, individually and on behalf of all others
similarly situated,

                Plaintiffs,

     - against -

DYNASTY CONTRACTING LLC and ERIC LI, as
an individual,

                Defendants.
------------------------------------------------------------------X

**ORDER**
**20 CV 2898 (LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiffs commenced this action against defendants on June 30, 2020. ECF No. 1 ("Compl."). Plaintiffs allege that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay them the minimum wage rate, denying them overtime compensation, and failing to keep accurate payroll records when plaintiffs were employed as construction workers during various time periods in 2018 and 2019. Id. at ¶¶ 24-55, 58. The parties have settled this case. ECF No. 24. The parties now move for Court approval of their settlement agreement.[1] Motion for Settlement Approval ("Mot. Settl."), ECF No. 22; Agreement, ECF No. 24-1.[2] For the reasons set forth below, the settlement agreement is approved as fair and reasonable.

---

[1] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 20.

[2] The parties previously submitted a settlement agreement for Court approval. ECF No. 22-1. The Court reviewed that agreement and directed the parties to correct several issues, including a calculation discrepancy and the use of the term "confidential" in the agreement's title. See Electronic Order dated Mar. 9, 2021. The parties have now submitted a corrected settlement agreement. ECF No. 24.

1

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

Here, the parties have agreed to settle the case for a total settlement amount of $85,000.00 inclusive of attorney's fees and costs, of which plaintiffs shall recover $55,968.08.[3] Agreement ¶ 1. Defendant shall pay plaintiffs the $85,000.00 in eight installments. Id. As detailed in the settlement agreement, each plaintiff shall receive two checks and plaintiffs' counsel shall receive one check every 30 days until payment of the total sum is complete. Id. The $55,968.08 will be apportioned among each plaintiff as follows: plaintiff Wilson Mendoza will receive $16,500.02; plaintiff Bonerge Pacheco will receive $9,500.02; plaintiff Raul Mendoza will receive $3,468.00; plaintiff Jose Alberto Carias Salinas will receive $11,000.02; plaintiff Roger Mendoza will receive $11,000.02; and plaintiff Jorge Mendoza will receive $4,500. The Agreement contains a release limited to this wage and hour case, id. ¶ 4, and does not contain a confidentiality clause. The agreement contains a mutual non-disparagement clause which prohibits the parties from making untruthful statements about one another but permits "truthful statements about their experiences litigating this case." Id. ¶ 7. Non-disparagement clauses in FLSA settlements which include this carve-out for truthful statements are permissible. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp.

---

[3] The parties' motion for settlement approval states that the "Plaintiffs will recover an aggregate amount of $55,968.00," however, the portions of the settlement allotted to each individual plaintiff total $55,968.08. Compare Mot. Settl. 4 with Mot. Settl. 5 and Agreement ¶ 1.

2

3d 170, 180 n.65 (S.D.N.Y. 2015). The parties consent to the Court retaining jurisdiction of this action for the purpose of enforcing the terms of the Agreement. Agreement ¶ 19.

Plaintiffs shall recover $29,031.92 in attorney's fees inclusive of costs in the amount of $1,049.00. Mot. Settl. 4-5; Agreement ¶ 1. Plaintiffs' attorney's fee request amounts to approximately one-third of the total settlement. Under FLSA, a plaintiff is entitled to recovery of a "reasonable attorney's fee" but there is no requirement that the fee be proportional to the total amount recovered in a settlement. See Fisher v. SD Prot. Inc., 948 F.3d 593, 603-604 (2d Cir. 2020) (citing 29 U.S.C. § 216(b)). However, a one-third contingency fee is generally approved as a fair and reasonable attorney's fee award in this Circuit. See Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) (courts in this Circuit generally approve of attorney's fees that are a one-third contingency, and typically modify fees "representing more than one-third of the total settlement amount.") (quoting Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 Civ. 6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)). Although the fee here is approximately 1.3 times greater than the amount calculated using the lodestar method, courts in this circuit have approved a one-third contingency fee between two and six times the lodestar amount. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (quoting Johnson v. Brennan, No. 10-CV4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011)). The Court finds that the requested attorney's fee of approximately one-third of the settlement amount is fair and reasonable in this case. 29 U.S.C. § 216(b); Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Furthermore, the Court has reviewed plaintiffs' costs and approves the $1,049 requested.

Accordingly, the Court grants the instant motion, ECF No. 22, and approves the parties' settlement agreement as fair and reasonable. Of the $85,000.00 total settlement, plaintiffs shall

recover $55,968.08 and their attorney's fee and costs shall be $29,031.92. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                                /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: March 30, 2021
       Brooklyn, New York